## BOARD OF FINANCE OF THE SCHOOL CITY OF AURORA *v.* PEOPLE'S NATIONAL BANK OF LAWRENCEBURG.

[No. 6,876.    Filed November 17, 1909.]

1. STATUTES.—*Public Depositories.—School Boards.—Banks Outside of City.—Discrimination.*—Under §§7536, 7542 Burns 1908, Acts 1907, p. 391, §§15, 21, providing that any bank within any county desiring to receive deposits of public money from any public corporation within the county, shall file a proper bond, and that it "shall" be the duty of the proper board to select impartially any banks that comply therewith, as depositories, a board of finance of a school city must designate any bank within the county complying with the statute, as a depository, where there is no applicant within such city.    p. 579.

2. WORDS AND PHRASES.—*"Shall."*—The word "shall" used in a statute is presumed to have been used in its imperative sense. p. 581.

3. STATUTES.—*Construction.—Consideration of Statutes of Other States.*—The statutes of other states on the same subject may be considered in construing a statute of this State.    p. 581.

From Dearborn Circuit Court; *George E. Downey,* Judge.

Petition by the People's National Bank of Lawrenceburg, Indiana, against the Board of Finance of the School City of Aurora.    From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Martin J. Givan,* for appellant.

*Warren N. Hauck,* for appellee.

COMSTOCK, J.—The petition in this case was filed under section thirteen of what is known as the public depository act (Acts 1907, p. 391, §7534 Burns 1908), for the purpose of procuring the approval, by the court, of a bond tendered to the board of finance of the school city of Aurora, in connection with the bid of appellee for a portion of the deposits of the funds of said school corporation.

The petition discloses that the board of finance of the school city of Aurora, pursuant to said act, caused a publica-

tion to be made of a notice inviting proposals to be
1.    filed with said board on a certain date, proposing to
receive public funds of said school city on deposit, as
provided in said act; that there was no bank within the city
of Aurora making application for such deposits, but that ap-
plication was made by the petitioning bank (the People's
National Bank), and by the Dearborn National Bank, both
located in Dearborn county, but not within the city of Au-
rora.  It also appears that the board of finance of the school
city of Aurora approved the bond of the Dearborn National
Bank, but failed to approve the bond tendered by appellee
or to designate it as a public depository, and designated the
Dearborn National Bank as the sole and only depository to
receive the public funds of said corporation.

A demurrer for want of facts to the petition was overruled
and the cause put at issue by a general denial.  Upon the
issues thus formed the cause was tried by the court and judg-
ment rendered against appellant.

The overruling of the demurrer to the petition is assigned
as error.

Sections fifteen and sixteen of the depository law (Acts
1907, p. 391, §§7536, 7537 Burns 1908) contain the following
provisions:  "Section 15.  Any bank or trust company sub-
ject to examination by state or national authority, and hav-
ing its place of business in this State, and doing business
herein, which shall desire to receive public funds of the
State on deposit, or any such bank or trust company within
any county desiring to receive on deposit public funds of the
county, or of any public corporation within the county, shall
file with the respective board of finance on the day men-
tioned in such notice, its written proposal to receive a max-
imum sum of public funds on deposit, file the required se-
curity," etc.  "Section 16.  The boards of finance shall meet
at the time and place fixed in said notice, and shall open such
proposals and consider the same, and any bank, banks or

trust companies within the State tendering security as provided for in this act, and agreeing to pay the interest provided herein, shall be constituted depositories for public funds," etc.

Section twenty-one of said act (§7542 Burns 1908) provides, in part: "When two or more banks or trust companies in the same county, city, town or township, propose to become depositories of the funds thereof and offer the rate of interest provided for herein, it shall be the duty of the board of finance of such county, city, town or township to select, impartially, as many of such banks or trust companies for depositories as tender satisfactory security for such deposits," etc.

The only limitations on the number of banks or trust companies which shall be designated as public depositories are the provisions of said sections.

Section twenty-three of said act (§7544 Burns 1908) dispenses with advertising when only one bank or trust company is located in the county, and provides that in counties where there is no bank or trust company offering to accept public funds and complying with the requirements of this act, the board must designate some bank or trust companies outside of such county and within the State as such depository or depositories.

In this case two banks located in the same town met the requirements of the statute, each proposing to become a depository for the funds of said school city.

From the language of §7542, *supra,* providing that "when two or more banks or trust companies in the same county," desire to become depositories, it shall be the duty of the board "to select, impartially, as many of such banks or trust companies for depositories as tender satisfactory security for such deposits," etc., it seems that the legislature had in contemplation the proposal of more than one bank or trust company in the same county, city, town or township, and that the funds should be deposited impartially between them.

Had it been the intention of the legislature to invest the board with discretion in the selection of any particular one of said banks or trust companies, the use of different language would naturally have occurred to the framers of the law. There is no reason to refuse to accept the ordinary import of the words as expressing the legislative intent. In a subsequent portion of the same section it is provided: "That all funds of city, town, township and school corporations shall be deposited in banks, banking institutions or trust companies, designated as public depositories, located within the respective limits of such cities, towns, townships or school corporations, if such there be which shall accept such deposits of funds on the terms herein provided."

The law was enacted to bring to taxpayers a rate of interest (by which they had not heretofore profited) on public funds of their respective county, city, town, township or school corporation. In designating said bank, banks or trust companies it was not the purpose of the legislature to show any partiality in their selection. The word "shall" as used in said act gives said board no discretion in the selection of said banks or trust companies. When said word is used in the statute it is presumed to have been used in its imperative sense. 25 Am. and Eng. Ency. Law (2d ed.), 633; *Robertson* v. *State, ex rel.* (1887), 109 Ind. 79.

Other states, prior to the enactment of the statute under consideration, had passed laws establishing public depositories providing for deposits with banks offering the highest per cent of interest on the amount deposited. The legislature of this State doubtless had knowledge of such laws, allowing the various boards of finance to limit the number of depositories, but, with such knowledge, saw fit to allow no discrimination, and to require that the selection of such depositories should be impartial.

Amendments have been made to the statute, but none changing any of the provisions involved in the questions here considered.

It is possible but not probable that in some instances conditions may arise making, under the interpretation herein given, the application of the law less convenient to the different boards of finance than if they were invested with discretion, but such possibilities should not have weight against the plain meaning of the statute.

Judgment affirmed.